IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS KERN, | No. 2:24-CV-1040-WBS-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| TAMERA LYNN SOLOMAN, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff James Curtis Kern names Tamera Lynn Soloman as the sole defendant. See ECF No. 1, pg. 1. Defendant Soloman is a conflict panel attorney for the Sacramento County Superior Court. Plaintiff presents three claims for relief. See id. at 2-7.

### Claim I

Plaintiff asserts that Defendant Soloman violated his constitutional rights due to retaliation. See id. at 4. Plaintiff asserts that he asked Defendant to subpoena his medical records, but Defendant never sent Plaintiff's medical records. See id. at 4. Plaintiff told Defendant that his injuries occurred at the Sacramento County Jail, but Defendant showed no interest as Plaintiff suffered daily. See id. Plaintiff asserts that he informed Defendant that after he submitted multiple medical kits and medical grievances, Plaintiff was tortured and abused by deputies, but Defendant never informed the court. See id.

According to Plaintiff, Judge Davis ordered a doctor to see Plaintiff at Sacramento County Jail following a report he had been beaten by a deputy. See id. Defendant received a copy of a report that Plaintiff had only been seen by a nurse. See id. Plaintiff asserts that Defendant did not want to hear anything about the medical report or the court order requiring Plaintiff to see a doctor. See id.

///
///
///

2

Plaintiff informed Judge Davis that a nurse briefly saw Plaintiff to assess the injuries Plaintiff sustained by the deputy. See id. Plaintiff contends that Judge Davis did not believe Plaintiff and Defendant did not intervene on Plaintiff's behalf. See id. Defendant then called a continuance without Plaintiff's consent for two months. See id. Plaintiff asserts that Defendant was retaliating against Plaintiff for previously firing her and submitting a complaint to the California State Bar. See id. According to Plaintiff, Defendant's actions caused him extreme pain, torture, and neglect. See id. Plaintiff asserts that Defendant delayed the process of Plaintiff receiving adequate help by not notifying the proper authorities of the abuse that was taking place. See id.

Claim II

Plaintiff asserts that his Sixth Amendment rights were violated because Defendant failed to defend Plaintiff in a timely manner. See id. at 5. Plaintiff contends that Defendant provided ineffective assistance of counsel in multiple instances. See id.

According to Plaintiff, Defendant provided ineffective assistance of counsel by failing to defend Plaintiff in a timely manner. See id. Plaintiff additionally asserts that Defendant failed to present Plaintiff's bail motion to the court even though Defendant was aware of Plaintiff's serious medical needs. See id. Defendant additionally did not present Plaintiff's motion to suppress, knowing that the search warrant was invalid on its face. See id. Plaintiff contends that Defendant called for continuances outside of Plaintiff's presence, depriving Plaintiff of a speedy trial for fourteen months. See id. Defendant additionally refused to produce Plaintiff's court transcripts when Plaintiff requested them. See id. Defendant failed to produce the present the original surveillance camera footage at trial, knowing the surveillance presented had been tampered with several times. See id. Plaintiff contends that Defendant did not obtain information about an unknown witness who altered/compromised crucial evidence from surveillance footage before the Sacramento Police Department arrived on the scene. See id. Plaintiff states that Defendant failed to object to anything at all, allowing suggestively impermissible means of identification multiple times throughout the trial. See id.

///

Claim III

Plaintiff contends that Defendant violated his due process right to a speedy trial by requesting continuances to show Plaintiff up to twenty videos. See id. at 6. According to Plaintiff, Defendant never showed Plaintiff these videos or produced the videos at trial. See id. Plaintiff claims that Defendant informed the judge that Plaintiff had seen all the videos, which was untrue. See id. Defendant did not produce the original video footage for the defense to show the jury during the trial. See id. Instead, Defendant's continuances were a strategy to move the case beyond the speedy trial deadlines. See id.

Plaintiff contends that when a judge informed both parties that he would have to release Plaintiff, Defendant requested an extension. See id. Plaintiff argues that his right to a speedy trial was acknowledged in December of 2022, but he did not go to trial until January 2024. See id. Plaintiff asserts that, due to Defendant's actions, the district attorney could form a false case and use photoshop videos as crucial evidence to gather witnesses that Plaintiff did not recognize. See id.

## II. DISCUSSION

The Court finds that Plaintiff appears to state a cognizable retaliation claim as alleged in Claim I. Claims II and III, however, appeared to be barred pursuant to Heck v. Humphrey.

**A.    Claim I**

In Claim I, Plaintiff alleges that Defendant Soloman, who was his court-appointed defense counsel, interfered with his ability to obtain medical care while in jail and that Defendant did this in retaliation for Plaintiff having previously fired her as his attorney. The threshold question concerning this Court's jurisdiction under § 1983 is whether Defendant Soloman was acting under color of law.

/ / /

/ / /

/ / /

4

When public defenders are acting in their role as advocate, they are not acting under color of state law for § 1983 purposes. See Georgia v. McCollum, 505 U.S. 42, 53 (1992); Polk Cnty. v. Dodson, 454 U.S. 312, 320–25 (1981); Jackson v. Brown, 513 F.3d 1057, 1079 (9th Cir. 2008); see also Vermont v. Brillon, 556 U.S. 81, 91 (2009).  Where, however, public defenders are performing administrative or investigative functions, they may be acting under color of state law. See Brillon, 556 U.S. at 91 n.7; Polk Cnty., 454 U.S. at 324–25.

Here, the facts alleged are not clear as to what capacity Defendant Soloman was acting in committing the alleged wrongful acts. Assuming Plaintiff's allegations are true, as the Court must at this stage of the proceedings, it appears that Defendant Soloman attempted to thwart Plaintiff's ability to obtain medical care because Plaintiff had previously dismissed her as his attorney.  While it not clear that Defendant's alleged conduct can be considered administrative or investigative such as she could be considered a state actor, the Court will allow the claim to proceed.

**B.     Claims II and III**

In Claims II and III, Plaintiff alleges that Defendant Soloman provided ineffective assistance of counsel in the context of criminal proceedings.  It is unclear on the current facts alleged whether these claims are barred.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-

84 (1994)

Here, Plaintiff claims that Defendant Soloman provided ineffective assistance of counsel during the course of criminal proceedings.  If Plaintiff were to succeed on the merits of these claims, the result would necessarily imply the invalidity of underlying criminal proceedings which resulted in Plaintiff's current incarceration due to violation of Plaintiff's Sixth Amendment rights.  The current complaint, however, does not allow the Court to determine whether the claims are barred because it is unclear whether the criminal proceedings involving Defendant Soloman as Plaintiff's counsel resulted in his current conviction and incarceration.  If so, it remains unclear whether the result of these proceedings has been set aside or otherwise invalidated.

The Court will provide Plaintiff an opportunity to file an amended complaint to clarify these points should he wish to proceed with Claims II and III.  If no amended complaint is filed within the time provided, the Court will order that Defendant be served and respond to Claim I.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: August 27, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE