IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES CURTIS KERN,

        Plaintiff,

        v.

TAMERA LYNN SOLOMAN,

        Defendant.

No.  2:24-CV-1040-WBS-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendant's unopposed motion to dismiss.  See ECF Nos. 25 and 26. Defendant has also filed a request for judicial notice.  See ECF No. 27.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

1

See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

2

## I. BACKGROUND

### A.    Procedural History

Plaintiff initiated this action with a pro se complaint filed on April 8, 2024. See ECF No. 1. On August 28, 2025, the Court issued an order addressing the sufficiency of Plaintiff's complaint. See ECF No. 15. In that order, the Court determined that Plaintiff's complaint appeared to state a cognizable claim against defendant Soloman as alleged in Plaintiff's Claim I. See id. The Court found that Plaintiff's remaining Claim II and Claim III appear to be barred. See id. Plaintiff was granted an opportunity to file a first amended complaint but did not do so. Claim II and Claim III were subsequently dismissed with prejudice for failure to state a claim upon which relief can be granted. See ECF No. 20.

### B.    Plaintiff's Allegations

This action proceeds on Plaintiff's original complaint as to Claim I. Plaintiff James Curtis Kern names Tamera Lynn Soloman as the sole defendant. See ECF No. 1, pg. 1. Plaintiff asserts that Defendant Soloman, who was his court-appointed defense counsel, interfered with his ability to obtain medical care while in jail and that Defendant did this in retaliation for Plaintiff having previously fired her as his attorney.

Plaintiff asserts that Defendant Soloman violated his constitutional rights due to the alleged retaliation. See id. at 4. Plaintiff asserts that he asked Defendant to subpoena his medical records, but Defendant never sent Plaintiff's medical records. See id. at 4. Plaintiff told Defendant that his injuries occurred at the Sacramento County Jail, but Defendant showed no interest as Plaintiff suffered daily. See id. Plaintiff asserts that he informed Defendant that after he submitted multiple medical kits and medical grievances, Plaintiff was tortured and abused by deputies, but Defendant never informed the court. See id.

According to Plaintiff, Judge Davis ordered a doctor to see Plaintiff at Sacramento County Jail following a report he had been beaten by a deputy. See id. Defendant received a copy of a report that Plaintiff had only been seen by a nurse. See id. Plaintiff asserts that Defendant did not want to hear anything about the medical report or the court order requiring Plaintiff to see a doctor. See id.

/ / /

Plaintiff informed Judge Davis that a nurse briefly saw Plaintiff to assess the injuries Plaintiff sustained by the deputy. See id. Plaintiff contends that Judge Davis did not believe Plaintiff, and Defendant did not intervene on Plaintiff's behalf. See id. Defendant then requested a two-month continuance without Plaintiff's consent. See id. Plaintiff asserts that Defendant was retaliating against Plaintiff for previously firing her and submitting a complaint to the California State Bar. See id. According to Plaintiff, Defendant's actions caused him extreme pain, torture, and neglect. See id. Plaintiff asserts that Defendant delayed the process of Plaintiff receiving adequate help by not notifying the proper authorities of the abuse that was taking place. See id.

### C.    Defendant's Request for Judicial Notice

In her request for judicial notice in support of her motion to dismiss, Defendant Soloman requests that the Court take notice of 24 facts, supported by 25 exhibits.  See ECF No. 27.  According to Defendant, the submitted exhibits show the following timeline of events in this case:

| | |
|---|---|
| October 11, 2022 | Exhibit 1 -- Plaintiff was arraigned in the County of Sacramento on charges for violating California Penal Code sections 220 and 211, and he was scheduled to return to court on October 18, 2022. See ECF No. 27-1. |
| October 18, 2022 | Exhibit 2 -- Plaintiff was appointed a public defender, Pamela Dominisse. See ECF No. 27-2. |
| May 4, 2023 | Exhibit 3 -- During Plaintiff's scheduled preliminary hearing, Defendant Soloman was appointed as Conflict Criminal Counsel to represent Plaintiff. The preliminary hearing was reset to May 11, 2023. See ECF No. 27-3. |
| May 11, 2023 | Exhibit 4 -- Defendant Soloman requested a continuance of the preliminary hearing. See ECF No. 27-4. |
| June 9, 2023 | Exhibit 5 -- Defendant Soloman expressed doubt pursuant to California Penal Code section 1368 as to whether Plaintiff was competent to stand trial and assist her in his defense. See ECF No. 27-5. |
| August 1, 2023 | Exhibit 6 -- The Court found that Plaintiff was competent to stand trial and assist Defendant Soloman in his defense in the criminal proceeding. The preliminary hearing was set for August 18, 2023. See ECF No. 27-6. |
| August 9, 2023 | Exhibit 7 -- Plaintiff filed a *Faretta* motion to represent himself and a *Marsden* motion claiming ineffective assistance of counsel. See ECF No. 27-7. |

4

| | |
|---|---|
| August 18, 2023 | Exhibit 8 -- A new preliminary hearing was held and a new arraignment date was set for August 29, 2023. See ECF No. 27-8. |
| August 29, 2023 | Exhibit 9 -- Defendant Soloman was reappointed to represent Plaintiff at the arraignment. See ECF No. 27-9. |
| October 11, 2023 | Exhibit 10 -- At the trial readiness conference, the trial date was vacated and reset for November 20, 2023. See ECF No. 27-10. |
| November 7, 2023 | Exhibit 11 -- At the new trial readiness conference, the Court ordered the jail to ensure Plaintiff was examined by a doctor within 48 hours and scheduled a hearing for Plaintiff's second *Faretta* motion for November 13, 2023. . See ECF No. 27-11. |
| November 13, 2023 | Exhibit 12 -- The hearing on Plaintiff's *Faretta* motion was continued to November 15, 2023. See ECF No. 27-12. |
| November 15, 2023 | Exhibit 13 -- The *Faretta* motion was dropped and the trial date vacated and reset for January 22, 2024, due to the unavailability of Defendant Soloman, with the Court finding good cause for the continuance. See ECF No. 27-13. |
| January 10, 2024 | Exhibit 14 -- At the trial readiness conference, Plaintiff made another *Faretta* motion to represent himself, and it was granted. Defendant Soloman was relieved as Plaintiff's attorney. See ECF No. 27-14. |
| January 17, 2024 | Exhibit 15 -- Plaintiff represented himself at trial and at the hearing on the motions in limine. See ECF No. 27-15. |
| January 22, 2024 | Exhibit 16 -- After Plaintiff's motion to dismiss was denied and jury selection commenced, Plaintiff requested that he be appointed counsel. See ECF No. 27-16. |
| January 24, 2024 | Exhibit 17 -- Due to Defendant Soloman being ill, the trial was continued to January 26, 2024. See ECF No. 27-17. |
| February 1, 2024 | Exhibit 18 -- Closing arguments were made and the jury began deliberations. See ECF No. 27-18. |
| February 6, 2024 | Exhibit 19 -- The jury returned a verdict of guilty on all five charges for violations of California Penal Code sections 209(b)(1), 220, 211, 665/211, and 484(a). See ECF No. 27-19. |
| March 8, 2024 | Exhibit 20 -- Plaintiff was sentenced to "7 yeas to life plus 6 years SP." See ECF No. 27-20. |
| August 21, 2024 | Exhibit 21 -- During a hearing on Plaintiff's motion to vacate his conviction, Plaintiff's motion was denied. See ECF No. 27-21. |

| February 3, 2025 | Exhibit 22 -- Plaintiff admits to his medical records being provided to him on the first day of trial in January 2024. See ECF No. 27-22. |
| August 30, 2023 | Exhibit 23 -- While being represented by Defendant, Plaintiff wrote a letter to Department 63 of the Sacramento Superior Court advising the Court of his ongoing problem regarding his medical treatment, and to being seen by doctors. See ECF No. 27-23. |
| June 11, 2024 | Exhibits 24 and 25 -- Tamara Soloman is an attorney in private practice and employed by "Law Office of Tamara Soloman, a Professional Law Corporation." See ECF Nos. 27-24 and 27-25. |

The Court finds that each of the exhibits referenced in Defendant's request for judicial notice – with the exception of Exhibit 22 -- are judicially noticeable matters of public record, specifically official filings in the Sacramento County Superior Court. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008); Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967). These exhibits document proceedings in Plaintiff's underlying criminal case. As to Exhibit 22, which Defendant says constitutes Plaintiff's admission that he received his property, the Court finds that the attached document does not fairly stand for that point of fact. In particular, the document reflects Plaintiff's assertion that, while he requested his property, it was never received. See ECF No. 27-22. The Court will not consider this document in ruling on Defendant's motion to dismiss.

## II. DISCUSSION

In her unopposed motion to dismiss, Defendant Soloman argues Plaintiff fails to state a plausible claim under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has not alleged facts to show that Defendant was a state actor or acting under color of law for § 1983 purposes. See ECF No. 26, pg. 11. For the reasons discussed below, the Court agrees.

Plaintiff's claim must allege facts sufficient to show that Defendant Soloman was acting under color of state law for § 1983 purposes. See 42 U.S.C. § 1983. A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding, though they may be if they are performing administrative

6

or investigative functions. See Polk Cnty. v. Dodson, 454 U.S. 312, 318-25 (1981). Decisions not pertaining to the client's representation, such as hiring decisions or allocation of resources, are examples of administrative functions. See Miranda v. Clark Cnty., 319 F. 3d 465 (9th Cir. 2003). For § 1983 purposes, investigative functions have largely been defined by the Supreme Court in the context of prosecutorial conduct. See Buckley v. Fitzsimmons, 509 U.S. 259; see also Imbler v. Pachtman, 424 U.S. 409. Investigative functions may be likened to those normally performed by a detective or police officer; duties relating to a prosecutor's role as an advocate, such as preparation for judicial proceedings, are not investigative. See Buckley, 509 U.S. at 272-74.

Here, no facts alleged by Plaintiff show that Defendant's conduct (or lack thereof) relating to obtaining medical records could be classified as an administrative or investigative function. A public defender works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client. See Polk Cnty., 454 U.S. 312 at 321. Defendant Soloman's independent decision relating to her representation of Plaintiff—whether to obtain certain medical records—falls under a lawyer's traditional function as counsel to a defendant in a criminal proceeding.  Defendant's conduct in this case is shown by judicially noticeable facts as set forth in Defendant's request for judicial notice and summarized above. Because it is the "constitutional obligation of the State to respect the professional independence of the public defenders whom it engages," id. at 321-22, the Court declines to characterize Defendant's conduct as anything other than a traditional function of defense counsel. Thus, the Court agrees that the Defendant was not acting under color of state law for § 1983 purposes.

In reaching this conclusion, the Court has considered four tests recognized by the Ninth Circuit to identify state action by a private actor for purposes of § 1983 claims: (1) public function, (2) joint action, (3) nexus, and (4) compulsion. See Kirtley v. Rainey, 326 F.3d 1088 (9th Cir. 2003). Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists.  See id. at 1092.

/ / /

/ / /

/ / /

7

**A.     Public Function Test**

"Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." Lee v. Katz, 276 F.3d 550 (9th Cir. 2002). The public function test is satisfied only on a showing that the function at issue is "both traditionally and exclusively governmental." Id. at 555. Here, the facts alleged and which are judicially noticeable show that Defendant Soloman was not acting under color of state law for § 1983 purposes because she was performing the traditional functions as Plaintiff's defense advocate in criminal proceedings. Thus, Defendant Soloman was not serving a public function.

**B.     Joint Action Test**

Under the joint action test, the Court considers whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." Parks Sch. Of Business v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995) (citation omitted).  The intended benefits of a conflict criminal counsel's actions clearly are intended to "flow directly" to the criminal defendant.  See id. Because the actions of Defendant Soloman flowed directly to Plaintiff as her defense counsel in criminal proceedings, and not the State, there is no joint action.

**C.     Nexus Test**

Under the nexus test, a state action may be found if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself. See Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288, 295 (2001). As Defendant notes, Plaintiff does not allege any facts demonstrating joint action or interdependence between Defendant and the State in the context of her representation in criminal proceedings. See ECF No. 26 at 21.

/ / /

/ / /

### D.    Compulsion Test

The compulsion test requires the Court to decide whether the coercive influence or significant encouragement of the state effectively converts a private action into a government action. See Kirtley, 326 F.3d at 1094.  The Court agrees with Defendant that, in this case, nothing in Plaintiff's allegations suggests that Defendant was coerced by the State in providing Plaintiff with representation.

## III.  CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1.    Defendant's request for judicial notice, ECF No. 27, be granted except as to Exhibit 22.

2.    Defendant's unopposed motion to dismiss, ECF Nos. 25 and 26, be granted and that this action be dismissed with prejudice.

3.    All other motions, ECF Nos. 24 and 31, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 24, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

9